In the Matter of JACK E. BRONSTON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 5, 1985

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Lola S. Lea, P. C.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order confirming a hearing panel's report that the final discipline to be imposed upon respondent be a suspension, effective July 17, 1981 and terminating on September 17, 1984, a period of three years and two months, and that respondent be reinstated as an attorney in the State of New York.

Respondent was convicted of two counts of felony mail fraud in January 1981, after a jury trial, in the United States District Court for the Southern District of New York. By order dated June 19, 1981, this court determined that respondent had been convicted of a "serious crime" and suspended him from practicing law, effective July 17, 1981. The matter, however, was not referred to a referee or to the Departmental Disciplinary Committee for a hearing. In August 1981, respondent's motion to set aside the suspension was denied.

In September 1983, respondent once again moved to set aside the suspension and also requested that the matter be referred to a referee. In December 1983, respondent's request to set aside the suspension was denied. At that time, the matter was referred to the Departmental Disciplinary Committee to report with respect to a recommendation of final discipline.

In mitigation the hearing panel considered respondent's previously unblemished legal career, his 20 years of service as a New York State Senator, and the overwhelming support for respondent from prominent individuals who testified and wrote letters in his behalf.

The hearing panel's report of December 10, 1984 recommended that the appropriate final disciplinary sanction to be imposed on respondent be a suspension from July 17, 1981 to September 17, 1984, the date upon which his probation terminated.

Inasmuch as the crimes, although serious, were not New York felonies, and respondent has been suspended for over three years, we do not believe that any further sanction should be imposed. Respondent has completed his probation successfully. He has never been the subject of any other charges. He no longer holds public office. In the circumstances, he has already been adequately sanctioned. Thus, at this time the suspension should be lifted. Respondent, however, must still complete the professional responsibility examination before he may be reinstated.

Accordingly, the petition should be granted to the extent of confirming that part of the Departmental Disciplinary Committee's report which recommended a final sanction of a suspension of three years and two months, and reinstating respondent upon condition that he successfully take the professional responsibility examination.

KUPFERMAN, J. P., SANDLER, SULLIVAN, BLOOM and FEIN, JJ., concur.

Petition granted to the extent of confirming that part of the Departmental Disciplinary Committee's report which recommended a final sanction of a suspension of three years and two months, which terminated on September 17, 1984, and reinstating respondent upon condition that he successfully take the professional responsibility examination, and furnish proof thereof to the clerk of this court.